BLYTHE MICKELSON, Bar No. 095506
EZEKIEL D. CARDER, Bar No. 206537
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAMELIA CITY MILLWORK, INC., A California Corporation; ANGELO BENNY BERTAGNINI, individually; ANGELO BENNY BERTAGNINI doing business as CAPITAL CRAFTSMEN; KAREN DEE BERTAGNINI, individually; KAREN DEE BERTAGNINI doing business as CAPITAL CRAFTSMEN; CAPITAL CRAFTSMEN,<br><br>　　　　　Defendants. | No.<br><br>**COMPLAINT FOR WITHDRAWAL LIABILITY** |

Plaintiffs complain of Defendants, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action to collect withdrawal liability arises under and is brought pursuant to Section 502, 4221(b), 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter "ERISA") (29 U.S.C. §§1132, 1401(b), 1451) and Section 301 of the Labor Management Relations Act (hereinafter "LMRA"), (29 U.S.C. §185).  Venue properly lies in this District Court because the Pension Trust Fund is administered in the County of Alameda.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

COMPLAINT FOR WITHDRAWAL LIABILITY

**PARTIES**

II.

At all times material herein, The Board of Trustees were and are Trustees of the Carpenters Pension Trust Fund for Northern California (hereinafter "Plaintiffs" or "Trust Fund"). At all times material herein, the Trust Fund was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The above-named Trust Fund is administered by a Board of Trustees which may bring this action in the name of the Trust Fund pursuant to the express provisions of the Pension Trust Agreement.

III.

At all times material herein, Defendant, Camelia City Millwork, Inc., a California Corporation as a successor in interest to Capital Craftsmen; Angelo Benny Bertagnini, individually; Angelo Benny Bertagnini doing business as Capital Craftsmen; Karen Dee Bertagnini, individually; Karen Dee Bertagnini doing business as Capital Craftsmen; and Capital Craftsmen (hereinafter referred to as "Defendants") have been employers within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and employers in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

IV.

At all relevant times, Defendant Camelia City Millwork, Inc. has been a party to and bound by a written collective bargaining agreement, known as the Carpenters Master Agreement for Northern California (hereinafter "Master Agreement") with the Carpenters 46 Northern California Counties Conference Board (hereinafter "Union"), and agreed to accept and be bound by all the terms, provisions and conditions of the Master Agreement. The Master Agreement obligated Defendant to make regular and timely contributions to the Trust Fund on behalf of all those employees performing covered work.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

**COMPLAINT FOR WITHDRAWAL LIABILITY**

V.

The CBA as well as the Pension Trust Agreement provide for prompt payment of all employer contributions to the Pension Trust Fund and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Fund in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Fund. Said Trust Agreement and also Trust Fund Policy provide for the payment of interest on all delinquent contributions, attorneys' fees, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the CBA and law.

VI.

ERISA Section 515 (29 U.S.C. §1145) provides that every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. Under ERISA, the court shall award the plan: unpaid contributions; interest on unpaid contributions; an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan; reasonable attorney's fees and costs of the action; and such other legal or equitable relief as the court deems appropriate.

VII.

ERISA Section 4201 (29 U.S.C. § 1145) further provides that the Trustees shall have the authority to assess withdrawal liability against contributing employers who terminate participation in the Plaintiff Trust Fund for any reason. The withdrawal liability shall be determined as set forth in ERISA and the Pension Trust Fund's governing documents, and an employer shall be liable for withdrawal liability if it terminates participation in a benefit plan maintained by the Pension Trust Fund. The withdrawal liability shall be due and payable by the employer upon demand by the Pension Trust Fund.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

COMPLAINT FOR WITHDRAWAL LIABILITY

VIII.

Pursuant to ERISA Section 4001(b), all trades or businesses under common control are a single employer for purposes of assessing withdrawal liability (29 U.S.C. § 1301(b)). Plaintiffs are informed and believe that Defendant Camelia City Millwork, Inc. acquired Defendant Capital Craftsmen in 1996 or 1997. Defendant Camelia City Millwork, Inc., and Defendant Capital Craftsmen, and Defendants Angelo Benny Bertagnini and Karen Dee Bertagnini, and each of them, are alter egos; interrelated; overlapping; under common management, control, ownership, and operation; successors; or a single employer under federal law. As such Defendants Camelia City Millwork, Inc., Capital Craftsmen, Angelo Benny Bertagnini and Karen Dee Bertagnini, and each of them, are bound to the applicable collective bargaining agreement and jointly and severally liable for any obligations to the Trust Fund incurred by Camelia City Millwork, Inc. pursuant to Title IV of ERISA (29 U.S.C. § 4001, et seq.).

**CLAIM FOR RELIEF**
**(WITHDRAWAL LIABILITY)**

IX.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

X.

On June 30, 2012, Defendant Camelia City Millwork, Inc. withdrew participation from Plaintiffs' Pension Trust Fund and ceased to contribute to the Plaintiff's Pension Trust Fund, thereby completely withdrawing from the Trust Fund. Under Section 4201 of ERISA (29.U.S.C. § 1381), an obligation exists upon an employer that withdraws from the Trust Fund to pay an amount known as "withdrawal liability" as determined by the Board of Trustees pursuant to the applicable statutory, administrative, and contractual provisions.

XI.

In June, 2013, and pursuant to Sections 4202 and 4219 of ERISA (29.U.S.C. §§1382, 1399), Plaintiff's Pension Trust Fund calculated the amount of Defendants' withdrawal liability to be $86,890.00. Under the payment schedule, Defendants were required to make forty nine (49) monthly payments of $1,963.00 commencing on September 1, 2013, with a final payment of $791.00 due on October 1, 2017.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

**COMPLAINT FOR WITHDRAWAL LIABILITY**

XII.

On or about June 24, 2013, Plaintiff Trust Fund notified Defendant Camelia City Millwork, Inc. that their withdrawal liability to Plaintiff was $86,890.00, and demanded payment.  The notice also informed Defendants of their right to make a lump sum payment of the entire amount or make payments according to the payment schedule.  The notice informed Defendants that Defendants must make their payments to Plaintiffs' Pension Trust Fund even if Defendants requested a review of the withdrawal liability determination.  The notice informed Defendants of the components of the withdrawal liability and included documentation.  A true and correct copy of Plaintiffs' Pension Trust Fund's notice is attached hereto as **Exhibit A**, and is incorporated herein by reference.

XIII.

Defendants have failed, refused, and neglected to make one or more of the required payments of withdrawal liability to Plaintiffs Trust Fund.

XIV.

On or about September 9, 2013, Plaintiffs Trust Fund notified Defendants that they failed to submit their initial monthly payment for the month of September 2013. The September 9 notice also provided that if Defendants failed to remit payment, the entire liability plus accrued interest would become due and owing.  A true and correct copy of Plaintiffs' Pension Trust Fund's September 9, 2013 letter is attached hereto as **Exhibit B**, and is incorporated herein by reference.

XV.

On or about November 21, 2013, Plaintiffs' Pension Trust Fund sent a second notice to Defendants that they failed to submit their monthly payments for the months of September 2013 through November 2013.  Moreover, the November 21, 2013, letter stated that if payment was not received by the Defendants, the Plaintiffs' Pension Trust Fund would refer the case to legal counsel. A true and correct copy of Plaintiffs' Pension Trust Fund's November 21, 2013 letter to Defendants is attached hereto as **Exhibit C**, and is incorporated herein by reference.

XVI.

Defendants have failed, refused, and neglected to make any payments of withdrawal

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -

**COMPLAINT FOR WITHDRAWAL LIABILITY**

liability to Plaintiffs' Trust Fund pursuant to the Trust Agreement. Under Section 515 of ERISA (29 U.S.C. §1145) and the Trust Agreement, such withdrawal liability is a delinquent contribution. Section 4219(c )(5) of ERISA (29 U.S.C. §1399(c)(5)) provides that in the event of a default, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

XVII.

Defendants have failed, refused and neglected to remit their outstanding withdrawal liability with interest and the total outstanding withdrawal liability is now due and owing. As such, Plaintiffs are forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

XVIII.

Defendants failed to request review or appeal of determination pursuant to ERISA § 4219(b) and have waved all defenses to this action

XIX.

By reason of the foregoing, Defendants are indebted to Plaintiffs in the sum of $86,890.00 as withdrawal liability or alternatively the amount of withdrawal liability according to proof, together with interest thereon, liquidated damages, attorney's fees, and other costs in accordance with the Trust Agreement and Sections 4301(b) and 502(g) of ERISA (29 U.S.C. §§ 1451(b), 1132(g)).

**WHEREFORE**, Plaintiffs pray judgment against Defendants, as follows:

1. That Defendants be ordered to pay the sum of $86,890.00 as withdrawal liability, or alternatively the amount of withdrawal liability according to proof, as provided for under the Trust Agreement and in accordance with the delinquent contribution provisions of ERISA (29 U.S.C. §§ 1132(g)(2)(A), 1145, 1381 et seq.);

2. That Defendants be ordered to pay accrued interest from the date Plaintiffs demanded payment of the withdrawal liability in accordance with the Trust Agreement and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -

COMPLAINT FOR WITHDRAWAL LIABILITY

1  Sections 502(g)(2)(B), 1399(c )(5)  of ERISA, (29 U.S.C. §§1132(g)(2)(B), 4219 (c )(5));

2      3.    That Defendants be ordered to pay liquidated damages provided for under the Trust

3  Agreement and in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA (29 U.S.C. §§

4  1132(g)(2)(C), 1451(b));

5      4.    That Defendants be ordered to pay Reasonable attorneys' fees and costs incurred

6  herein in accordance with the Trust Agreement and Sections 502(g)(2)(D) and 4301(e) of ERISA

7  (29 U.S.C. §§1132(g)(2)(D), 1451(e));

8      5.    That Defendants be ordered to pay costs of suit herein;

9      6.    That this Court grant such further relief as this Court deems just and proper; and

10     7.    That this Court retains jurisdiction of this matter to enforce the Order compelling

11 payment of all amount found due and owing.

12 Dated:  March 13, 2014

                                   WEINBERG, ROGER & ROSENFELD
                                   A Professional Corporation

                               By:    /s/ *EZEKIEL D. CARDER*
                                    EZEKIEL D. CARDER
                                   Attorneys for Plaintiffs

135544/745612

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 7 -

**COMPLAINT FOR WITHDRAWAL LIABILITY**